**IN THE FEDERAL DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **T. KENT**<br>700 NE Sunny Side School Rd., Apt. H<br>Blue Springs, MO 64014<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PAN AMERICAN GROUP, LLC.**<br>605 NE Coronado Dr.<br>Blue Springs, MO 64014<br><br>Serve:<br>6200 Oak Tree Boulevard<br>Suite 250<br>Independence, OH 44131<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>**Case No.**<br><br><br>**JURY TRIAL DEMANDED** |

**<u>PETITION</u>**

## I. Preliminary Statement

1. COMES NOW, Plaintiff, T. Kent, by and through his attorneys of record, Kevin Baldwin, Eric Vernon, Sylvia Hernandez and Robin Koogler of Baldwin & Vernon, and brings this cause of action against Pan American Group, LLC., hereinafter referred to as "Defendant Company." This action seeks declaratory, injunctive and equitable relief, actual, compensatory and punitive damages, and costs and attorney's fees may be awarded pursuant to 42 USC §2000e-5(k) and Federal Rules of Civil Procedure 54, for Defendant Company conduct and actions taken against Plaintiff.

## II. Jurisdiction

2. This court has original jurisdiction in this action pursuant to 28 U.S.C. 1331 and 1343, 42 U.S.C. 12188, 42 U.S.C. 2000a-6(a), 28 USC §1343(4), 42 U.S.C. §2000e-2, 42 U.S.C.

§2000e-5(f). A Right-to-Sue letter was issued by the Equal Employment Opportunity Commission (EEOC) on March 11, 2023. The Right to Sue letter, including a copy of Plaintiff's original charge of discrimination filed with the EEOC, is attached hereto as Exhibit 1 and is hereby incorporated as if fully set forth herein.

3. Jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law which rights provide for injunctive relief and other relief for illegal employment discrimination.

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 USC § 2201, § 2202, 42 USC § 1981a.

5. This action arises under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act of 2008 ("ADAAA"), 42 USCA §12101 et. seq., the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Plaintiff is alleging claims of employment discrimination based on disability/perceived disability, and retaliation. Plaintiff is also alleging claims of employment discrimination based on his sex, sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), 42 USC §2000e-2 et seq.

6. The ADAAA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability," 42 U.S.C. §12112(a), and requires employers to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability," *id* §12112(b)(5)(A).

7. Costs and attorneys' fees may be awarded pursuant to 42 USC § 2000e-5(k) and the Federal Rules of Civil Procedure 54 and are requested by Plaintiff.

8. The Plaintiff, based upon reasonable belief at this time absent discovery, indicates that the amount of compensatory and/or special damages in controversy is in excess of $75,000.00; in addition, Plaintiff seeks declaratory, injunctive and equitable relief, as well as punitive damages.

9. Prior to filing this Complaint for Damages, Plaintiff sought administrative relief through the Equal Employment Opportunity Commission to no avail and exhausted all required administrative procedures prior to filing this Complaint for Damages.

**III. Venue**

10. This action properly lies in the United States Federal Court for the Western District of Missouri pursuant to 42 USC §2000e-5(f)(3) and 28 U.S.C. 1391(b)(2), because the claim arose in this judicial district and because unlawful employment practices were committed in this judicial district.

11. Venue is proper in that Defendant Company is located within this District and the acts complained of took place within this District.

**IV. Parties**

12. Plaintiff is a resident of the United States residing at 700 NE Sunny Side School Rd., Apt. H, Blue Springs, MO 64014.

13. Defendant Pan American Group, LLC., hereinafter referred as "Defendant Company," is an employer engaged in an industry affecting commerce, and, upon information and belief, employs more than 100 regular employees. Defendant Company is a corporation, (containing within its charter the requisite authority to sue and be sued), and does business in this judicial district, doing business at various locations located within Jackson County, Missouri, at relevant times referred to herein, and specifically at 605 NE Coronado Dr. Blue Springs, MO 64014. Defendant Company is an employer within the meaning of 42 U.S.C. §2000e *et seq.*

**V. Facts Common to All Counts**

135. Plaintiff, T. Kent, is a 30-year-old, who worked for Defendant Company for approximately ten months.

136. Plaintiff was subjected to sexual harassment by Keith LNU within the first month of his employment and was discriminated against for his medical disability.

137. Plaintiff was terminated from employment with Defendant Company without proper notice or warning that his performance was unacceptable.

138. Plaintiff believes he was retaliated against for reporting sexual harassment and discriminated against on the basis of his sex and medical disability.

139. Plaintiff was also subjected to a sexually hostile work environment.

140. On or about February 12, 2018, Plaintiff was in a horrific head on collision and was hospitalized due to multiple severe injuries.

141. To this day, Plaintiff is still having operations and regular back injections.

142. Plaintiff has been placed on restrictions by multiple doctors.

143. Plaintiff was still undergoing surgeries when he was first hired and explained to Defendant Company that he would need time to heal afterwards.

144. Plaintiff started at Defendant Company on or about October 2nd, 2021.

145. Plaintiff selected the Blue Springs location as it was close to home and his wife was pregnant.

146. In the beginning, Plaintiff was always on time, professionally attended to his responsibilities, offered to help others, and never received any discipline from management.

147. In October 2021, Plaintiff was sexually harassed by Keith on multiple occasions.

148. Plaintiff also witnessed Keith touch Kyle while speaking sexually.

149. This made Plaintiff feel uncomfortable in his place of work.

150. Plaintiff reported this to management and was told that they would look into it.

151. Keith used a lot of sexual and vulgar language and would describe the sexual acts he would like to perform with customers who came into the store.

152. Keith would also touch Plaintiff, which was unwanted and uncomfortable.

153. Keith would grab Plaintiff at his abdomen and say things like, "ooh sexy muscular man."

154. Plaintiff made it clear that he did not want to be touched, but Keith persisted.

155. On or about November 7, 2021, Keith was upset and making comments under his breath, trying to get under Plaintiff's skin.

156. This was common practice for Keith.

157. This caused an argument and Plaintiff was pulled into the managers office by Amanda.

158. Plaintiff explained to Amanda that he tries to stay away from and not speak to Keith.

159. Plaintiff then inquired and followed up on his report of sexual harassment.

160. Management stated again that they were looking into it, however, it was clear to Plaintiff that they were not actually doing so.

161. In early November 2021, Plaintiff requested to be moved to a new position in the back of the store (morning prep) to gain some distance and decrease the chance of altercation with Keith.

162. On busy mornings, Plaintiff would return to the front of the store to help and was constantly criticized for not moving as quickly as the other line workers, with no perceived disability.

163. Plaintiff was laughed at for asking for help to grab things that were too heavy or things from below when he was unable to bend or stoop due to his back injury.

164. This criticism came from management and coworkers.

165. It is Plaintiff's belief that this criticism was in retaliation for his reports of sexual harassment.

166. In December of 2021, Plaintiff was working a morning shift with Kyle, Keith, and an unknown teenage female.

167. Plaintiff witnesses Keith getting onto the unknown female employee and asked him to back off.

168. Plaintiff was scolded and told never to speak or look at Keith again.

169. Keith also called Plaintiff a liar.

170. The next day, Plaintiff requested to be moved to night crew to avoid any further contact with Keith.

171. On Plaintiff's first night shift he was told by James that he wasn't allowed to work up front on the line that night because Keith had stayed late.

172. There was an argument between Lauren and James because Plaintiff could not effectively do his job with Keith there.

173. On or about February 10, 2022, shortly after returning to work from COVID and still dealing with a severe sinus infection, Plaintiff was being micromanaged and harassed by James, Heidi and Elizabeth.

174. Plaintiff would need to step off of the line to cool off and clear his airways, since he was handling food.

175. Every time Plaintiff would do this one of them (James, Heidi, and/or Elizabeth) would tell Plaintiff he had an order on the screen.

176. Plaintiff was always expected to finish his screen and help others but never had the same help in return, which made it harder for Plaintiff to complete his job and was hard on Plaintiff's body.

177. Plaintiff felt he was being set up to fail.

178. On or about March 1, 2022, Plaintiff's manager Kyle approached Plaintiff about how Heidi was mad and needed help and communication from Plaintiff.

179. Plaintiff responded with how he felt Defendant Company was discriminating against him and the harassment he had endured.

180. Kyle just walked away after saying, "discrimination, huh?"

181. Plaintiff felt like Kyle didn't hear him out and/or didn't want to.

182. On or about March 9, 2022, Plaintiff met with his general manager, James, to discuss how his work performance was making his coworkers angry due to having to step off the line too often on the basis of his disability/perceived disabilities.

183. Plaintiff received his first write-up at this meeting.

184. On or about March 24, 2022, Plaintiff reached out to Human Resources through email after being told multiple times that his sexual harassment claim was being looked into with no result.

185. It seemed to Plaintiff that management wanted the hostile work environment to push Plaintiff out of the workplace.

186. Plaintiff was told by James, "act like it doesn't bother you and it will stop, he does this with everyone."

187. Plaintiff had zero interest in his direct management at this point and felt he needed to reach out to Human Resources on his own, since management ignored Plaintiff.

188. On or about April 11, 2022, Plaintiff was contacted by Matt Wells and Erin Morgan to discuss what had been happening.

189. The conversation was cut short, and Plaintiff was told he would receive a call back, which he never did.

190. In April 2022, Plaintiff was transferred to the Independence location while Regional Manager, Matt Wells, and Human Resources Manager, Erin Morgan, investigated his sexual harassment complaint.

191. Plaintiff was punished for complaining and transferred to another location.

192. At the Independence location, Plaintiff was slowly forced to disclose his medical condition to employees who would try to micromanage him.

193. Soon after Plaintiff disclosed his medical condition, Plaintiff became a target.

194. Employees would get upset about Plaintiff's schedule and would call his restrictions special treatment, causing Plaintiff to have to defend himself constantly.

195. In early May 2022, Plaintiff was asked to meet Matt Wells in the front of the store to have a talk.

196. Plaintiff was met with a write-up that stated several employees from the store had made reports about Plaintiff calling an employee stupid.

197. Plaintiff was shocked and could not recall anything of the sort.

198. Matt would not tell Plaintiff who he had allegedly said this to.

199. When Plaintiff was asked to sign the form, he told Matt Wells that he felt that Defendant Company was just trying to create a paper trail to have cause to fire him.

200. Matt said that it was just to prove they had had a conversation, which turned out to be untrue.

201. On or about May 15, 2022, Plaintiff reached out to Matt and Erin to get an update on their investigation and a timeframe on when he may be able to return to his store.

202. Plaintiff's call was returned a few days later and Matt and Erin were confused as to why he had asked about an investigation and he was informed that there was no ongoing investigation.

203. Plaintiff was asked if he would like to return to the Blue Springs location after his medical operation, Plaintiff declined as Keith was still an employee.

204. On or about July 5, 2022, Plaintiff returned to work with doctors notes after his abdomen surgery and had several restrictions.

205. Plaintiff was at work for two weeks prior to his termination.

206. Plaintiff was constantly asked to stay home or asked if he would like to go home early.

207. On multiple instances, Plaintiff was called and asked if he could just stay home, and management would be mad if he said no.

208. Defendant Company was retaliating against Plaintiff by not giving him hours to work.

209. Then when Plaintiff was allowed to work Defendant Company repeatedly asked Plaintiff to violate his medical restrictions.

210. On or about July 20, 2022, Plaintiff was told to stay home and was left a voicemail, Plaintiff returned the call to see why he was being told to stay home and to try to explain that he needed the hours.

211. Plaintiff felt he was being asked to skip out on hours too frequently since returning to work.

212. Plaintiff felt he was being treated unfairly on the basis of his physical restrictions (perceived disability) and previous complaints.

213. On or about July 22, 2022, Plaintiff was called by regional manager Matt Wells and Human Resources manager Erin Morgan and was told that he had reached his last write up and would be terminated on the basis of Americar's and Bree's written statements that he was being overly aggressive towards them on the phone.

214. Plaintiff's termination was fabricated and pretextual, as he was terminated in retaliation for complaining of sexual harassment and discrimination, and due to his disability/perceived disability and accommodations.

215. Plaintiff has experienced, is now experiencing, and will continue to experience into the indefinite future, garden variety emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendant Company's conduct.

216. Plaintiff has suffered and will continue to suffer future pecuniary losses as a direct result of Defendant Company's conduct.

217. Defendant Company and its managers and other employees actively engaged in discrimination against Plaintiff with malice or in reckless indifference to his right to be free from such discrimination under ADAAA and Title VII.

**VI. Causes of Action**

**COUNT I**

**DISABILITY DISCRIMINATION FOR FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADAAA)**

## AGAINST DEFENDANT COMPANY

97. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

98. Plaintiff was in an accident which caused multiple injuries to his body for which he has had several surgeries to his back which has caused a disabling condition and therefore considered a member of the protected category under the Americans with Disabilities Act As Amended.

99. Plaintiff was qualified and capable of performing the essential functions of the position and/or would have been if reasonable accommodations had been made for his handicap.

100. Defendant's actions, as noted above, were discriminatory, continuous, arbitrary and capricious and constituted a disparity in treatment toward Plaintiff as compared to similarly situated individuals who were not disabled and, as such, Defendant's actions were unlawful employment practices in violation of Americans with Disabilities Act As Amended.

101. Plaintiff's disability was a motivating factor in their decision to treat him disparately as compared to similarly situated non-disabled employees.

102. Plaintiff reasonably requested and accommodation and Defendant Company failed to accommodate Plaintiff and follow his work restrictions.

103. Defendant Company engaged in said discriminatory practices with malice or reckless indifference to the protected rights of Plaintiff.

104. As a direct and proximate result of Defendant's violation of the ADAAA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so suffer in the future.

105. As a further direct and proximate result of Defendant's violation of the ADAAA,

Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future.

106. Plaintiff has been damaged by Defendant Company unlawful employment actions.

WHEREFORE, Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.*, in violation of the American with Disabilities Act as Amended; for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

## COUNT II

## PERCEIVED DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADAAA) AGAINST DEFENDANT COMPANY

107. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

108. Defendant Company perceived Plaintiff as being disabled due to his back injuries, need for medical treatment, and for her request for accommodations.

109. Defendant Company treated Plaintiff disparately as compared to other similarly situated employees who had not experienced a medical malady in violation of the ADAAA.

110. The conduct and actions of the above-described perpetrators as discussed herein was conducted on the basis of perceiving the Plaintiff to have a disability, and refusing to accommodate him, which constituted discrimination based on such disability.

111. Defendant Company perception of Plaintiff as disabled was a motivating factor in

the decision to no allow him to work.

112. Plaintiff suffered a tangible job detriment as a result of Defendants' discriminatory treatment.

113. Defendant Company knew or should have known of the discrimination based on the perceived disability, but failed to address the problem, and further failed to reasonably accommodate Plaintiff's disability.

114. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff.

115. Plaintiff's disability was a motivating factor in Defendant Company decision to treat him disparately as compared to other similarly situated employees, to set him up to fail, to not allow him to return to work, allowing employees to laugh at Plaintiff because of his disability and subject him to a hostile work environment, forcing him to act against his medical restrictions, and to refuse to accommodate him, and ultimately terminating him.

116. As a direct and proximate result of Defendant's violation of the ADAAA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so suffer in the future.

117. As a further direct and proximate result of Defendant's violation of the ADAAA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future.

118. Plaintiff has been damaged by Defendant Company unlawful employment actions.

WHEREFORE, Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count II of his Complaint, for a finding that he has been subjected to

unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.*, in violation of the American with Disabilities Act as Amended; for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

## COUNT III

## RETALITION, COERCION, AND/OR INTIMIDATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADAAA) AGAINST DEFENDANT COMPANY

119. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

120. During the time Plaintiff was employed by Defendant Company, Plaintiff engaged in protected activity under the ADAAA, Plaintiff opposed acts and practices made unlawful by the ADAAA, including but not limited to, failing to accommodate Plaintiff's disability, withdrawing previous accommodations for Plaintiff, and/or subjecting Plaintiff to disparate treatment, harassment, discrimination, and/or termination on the basis of his disabilities, as set forth herein.

121. Requesting a reasonable accommodation is a protected activity.

122. Taking leave of absence for a workplace injury is a protected activity.

123. Defendant retaliated and discriminated against Plaintiff for engaging in said protected activity, as set forth herein.

124. During the time Plaintiff was employed by Defendant Company, he exercised and/or enjoyed rights granted and/or protected by the ADAAA, including, but not limited to, requesting and making use of reasonable accommodations for his disability, as set forth herein.

125. Defendant Company coerced and/or intimidated Plaintiff on account of him having exercised and/or enjoying rights granted and/or protected by the ADAAA.

126. Defendant Company interfered with Plaintiff on account of him having exercised and/or enjoyed rights granted and/or protected by the ADAAA.

127. Defendant Company by and through its managers and/or executives engaged in actions prohibited by the ADAAA.

128. The conduct and actions of the above-described perpetrators as discussed herein was conducted on the basis of Plaintiff’s objections to what he believed was discriminatory treatment by the Defendant Company in refusing to accommodate him.

129. Plaintiff suffered a tangible job detriment as a result of Defendant's retaliatory treatment.

130. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff.

131. Plaintiff's engaging in a protected activity of complaining of what he believed to be a discriminatory action was a motivating factor in Defendant Company decision to treat him disparately as compared to other similarly situated employees, refuse to give him hours to work, refuse to let him work, forcing him to act against his medical restrictions, and to refuse to accommodate him.

132. Plaintiff has been damaged by Defendants' unlawful employment actions.

133. As a direct and proximate result of Defendant’s violation of the ADAAA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so suffer in the future.

134. As a further direct and proximate result of Defendant’s violation of the ADAAA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future.

WHEREFORE, Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count III of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.,* in violation of the American with Disabilities Act as Amended*;* for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

**COUNT IV**

**SEX DISCRIMINATION**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**AGAINST DEFENDANT COMPANY**

135. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

136. Plaintiff is a male and is therefore considered a member of a protected category under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 USC §2000e-2 *et seq*., the Civil Rights Act of 1991, 42 USC §1981a.

137. Defendant Company's actions, as noted above, constituted a pattern and/or practice of sex discrimination against Plaintiff in violation of Title VII, 42 USC §2000e-2 *et seq*.

138. Defendant Company's actions, as noted above, were discriminatory, continuous, arbitrary, and capricious, and were unlawful employment practices in violation of Title VII, 42 USC §2000e-2 *et seq*.

139. Based upon the foregoing, Plaintiff's sex was a motivating factor in Defendant Company's decision to treat him differently than his similarly situated female co-workers by disregarding Plaintiff's complaints of sexual harassment, subjecting him to unwarranted discipline,

setting him up to fail, not allowing him to return to work, not giving him work hours, and then terminating him.

140. At the time these actions were taken by Defendant Company, Defendant Company knew these action were unlawful.

141. Defendant Company's actions were outrageous because of their evil motive or reckless indifference to the rights of the Plaintiff when they engaged in acts of discrimination against the Plaintiff that culminated in his disparate treatment and his termination from employment.

142. Plaintiff has been damaged by Defendant Company's unlawful employment actions.

143. As a direct and proximate result of Defendant's unlawful employment actions, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so suffer in the future.

144. As a further direct and proximate result of Defendant's unlawful employment actions, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future.

WHEREFORE, Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count IV of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2 *et seq.,;* for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

**COUNT V**

**SEXUAL HARASSMENT/SEXUALLY HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST DEFENDANT COMPANY**

145. Plaintiff hereby incorporates all prior paragraphs and attached exhibits as if fully set forth herein.

146. Plaintiff is a male and is therefore considered a member of a protected category under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 USC §2000e-2 *et seq*., the Civil Rights Act of 1991, 42 USC §1981a.

147. Plaintiff hereby alleges sexual harassment/sexual hostile work environment against Defendant Company in violation of Title VII, 42 USC §2000e-2 *et seq*.

148. Plaintiff's sex (male) was a motivating factor in Defendant Company's decisions to allow the existence of the aforementioned sexually hostile work environment directed at the Plaintiff.

149. Defendant Company's actions, as noted above, constituted sexual harassment via the creation and allowed existence of a sexually hostile work environment to which Plaintiff was subjected in violation of Title VII, 42 USC §2000e-2 *et seq*., as Defendant Company and its supervisors were aware of the illegal acts of its employees and managers, and did not take action to stop or prevent the acts that violated the Defendant Company's workplace policy, as well as Title VII, 42 USC §2000e-2 *et seq*.

150. Defendant Company's actions, as noted above, were discriminatory, continuous, arbitrary and capricious and constituted a disparity in treatment toward Plaintiff and his sex, was a motivating factor in the creation and fostering of a sexually hostile work environment to which Plaintiff was subjected.

151. At the time these actions were taken by Defendant Company, Defendant Company

knew that these actions were unlawful and Defendant Company actions were undertaken maliciously and/or in reckless disregard for Plaintiff's right to be free from discrimination.

152. Plaintiff has been damaged by Defendant Company's unlawful employment actions.

153. As a direct and proximate result of Defendant's unlawful employment actions, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so suffer in the future.

154. As a further direct and proximate result of Defendant's unlawful employment actions, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future.

WHEREFORE, Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count V of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2 *et seq.,;* for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

## COUNT VI

## RETALIATION
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## AGAINST DEFENDANT COMPANY

155. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

156. Plaintiff hereby alleges claims of retaliation against Defendant Company, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 USC §2000e-2

*et seq*., the Civil Rights Act of 1991, 42 USC §1981a.

157. Defendant Company's actions, as noted above, constituted retaliation against Plaintiff in violation of Title VII, 42 USC §2000e-2 *et seq*.

158. Plaintiff's actions of complaining of what he believed to be acts in violation of the Title VII, 42 USC §2000e-2 *et seq*., as set forth herein was a motivating factor in the Defendant Company's decision to retaliate against him by treating him differently, subjecting him to a hostile work environment, subjecting him to a heightened level of scrutiny, setting him up to fail, subjecting him to unwarranted discipline and write ups, and not allowing him to return to work and/or giving him work hours, and ultimately terminating him from his employment with Defendant Company.

159. At the time these actions were taken, Defendant Company knew that their actions were unlawful and Defendant Company's actions were undertaken maliciously and/or in reckless disregard for Plaintiff's right to be free from discrimination.

160. Defendant Company's actions were outrageous because of their evil motive or reckless indifference to the rights of the Plaintiff when they engaged in acts of retaliation against the Plaintiff that culminated in his termination.

161. Plaintiff has been damaged by Defendant Company's unlawful employment actions.

162. As a direct and proximate result of Defendant's unlawful employment actions, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so suffer in the future.

163. As a further direct and proximate result of Defendant's unlawful employment actions, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits,

and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future.

WHEREFORE, Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count VI of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2 *et seq.,;* for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

**VII. Prayer for Relief**

164. Wherefore, Plaintiff prays that this Court:

a. declare the conduct engaged in by Defendant Company to be in violation of Plaintiff's rights;

b. enjoin Defendant Company, and its managers/supervisors from engaging in such conduct;

c. restore Plaintiff to his rightful position with Defendant Company or, in lieu of reinstatement, order front salary and benefits for the period remaining until normal retirement;

d. award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period or front salary and benefits accrual;

e. award Plaintiff compensatory, punitive and liquidated damages against Defendant Company;

f. award Plaintiff damages for emotional pain and suffering;

g. award Plaintiff his costs and attorneys' fees; and

h. grant such other relief as it may deem just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiff demands trial by jury on all issues triable by a jury in this complaint.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff Designates Kansas City, Missouri as the place of trial of this matter.

Respectfully submitted,

By: /s/ *Kevin Baldwin*

Kevin Baldwin, MO Bar No. #49101
Eric Vernon, MO Bar No. #47007
Sylvia Hernandez, MO Bar No. #70670
**BALDWIN & VERNON**
108 S. Pleasant St.
Independence, MO 64050
Tel: (816) 842-1102
Fax (816) 842-1104
bvateam@bvalaw.net
kevin@bvalaw.net
Eric@bvalaw.net
Sylvia@bvalaw.net
ATTORNEYS FOR PLAINTIFF